IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JOSEPHINE STOLL,

Plaintiff

v.                                                    CIVIL 02-2761(PG)

ANTHONY J. PRINCIPI, SECRETARY
OF VETERANS AFFAIRS, et al.,

Defendants

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the court on motion to dismiss and/or for summary judgment filed by the defendants on September 7, 2004.  (Docket No. 33.)  The defendants move the court to dismiss plaintiff Josephine Stoll's (hereinafter "Stoll") amended complaint pursuant to:  Federal Rule of Civil Procedure 12(b)(1) (lack of subject matter jurisdiction); Federal Rule of Civil 12(b)(6) (failure to state a claim); and Federal Rule of Civil Procedure 56(c) (summary judgment).  (Memorandum of Law, Docket No. 35.)  Stoll filed an opposition to defendants' motion on November 4, 2004.  (Docket No. 45.)  The case was referred to me for a report and recommendation on November 15, 2004.  (Docket No. 48.)

After considering the arguments of the parties, the evidence in the record and for the reasons set forth below, it is my recommendation that defendants' motion to dismiss and/or for summary judgment be GRANTED and that the amended complaint be dismissed in its entirety.

CIVIL 02-2761 (PG)                    2

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Stoll brings the present action against the Department of Veterans Affairs (hereinafter "VA"); its Secretary, Anthony J. Principi; the Director of VA's Medical Center, Rafael Ramírez González, M.D.; the Sub-director of VA's Medical Center, Jeannette Díaz; the VA's Medical Center Chief of Human Resources Management Service, Helen Nunci; the VA's Medical Center Assistant Chief of Human Resources Management Service, Miguel Cátala; Supervisor of the Processing and Record Section of the VA's Medical Center, María Rosario; Supervisor of the Processing and Record Section of the VA's Medical Center, Luis R. Mena; and the Lead of the Processing Section, Renán Olivieri (collectively "the defendants").  She claims to have been discriminated against by reason of her age and disability in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. (hereinafter "ADEA"); Title VII of Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et seq. (hereinafter "Title VII"); Section 501 of the Rehabilitation Act of 1973, 29 U.S.C. § 701, et seq.; Local Act No. 100, 29 P.R. Laws Ann. § 146, et seq.; and Local Act No. 80, 29 P.R. Laws Ann.  § 185a, et seq.  Stoll seeks declaratory relief as well as monetary damages.

The following factual background is recounted mostly from Stoll's amended complaint and recited in the light most favorable to her.  Stoll was, at the time the amended complaint was filed, a 59 year old woman who was employed by the Human

CIVIL 02-2761 (PG)                      3

Resources Office of the VA Medical Center in San Juan.  She commenced her employment

at VA on January 29, 1987 and held the following temporary positions:  Clerk (GS/1) and

Personnel Action Clerk (GS/2 and GS/3).  On November 4, 1990, Stoll was appointed to

a career position.

        According to the allegations in the amended complaint, Stoll was the oldest

employee in her work division.  Her immediate co-workers were all in their early twenties.

It is alleged that Miguel Cátala, Stoll's Supervisor and who was significantly younger than

her, frequently and ordinarily participated in social activities with the younger co-workers.

Stoll avers that she was never invited to these activities because of her age.

        It is further alleged that before reaching middle age, Stoll's attendance at work was

excellent.  However, after reaching middle age, she claims to have begun experiencing

problems with menopause.  Her health condition progressively and severely deteriorated.

She suffers from fibromyalgia.  It is asserted that due to the deterioration in her health,

Stoll would become frequently and suddenly ill, causing her to either be absent from work

or to fail to arrive on time.

        The amended complaint alleges that Stoll began to be harassed by her supervisors.

They would reprimand her arbitrarily and capriciously and for a period running from

November, 1994 to September, 2001, she was the subject of numerous verbal and written

admonishments and reprimands, suspensions from work and ultimately her termination

CIVIL 02-2761 (PG)                    4

from employment.  Most of the reprimands and suspensions were allegedly due to her absences from work, failure to follow instructions and insubordination.  Specifically, in 1998, Stoll was suspended for a period of 10 days for her alleged failure to prepare some letters.  Nevertheless, a younger employee, Edwin Otero, who committed the same mistake, was never reprimanded or disciplined.

Stoll was terminated from her employment on September 28, 2001.  She maintains that the defendants never inquired about her health.  Instead, she was allegedly penalized for her mental and physical conditions.  Stoll further claims that her performance was at all times excellent; that she was replaced by a younger employee; and that the defendants created a hostile work environment.

II.  STANDARDS OF REVIEW

A.  Lack of Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of a case if the court lacks jurisdiction over the subject matter.  Fed. R. Civ. P. 12(b)(1).  Because federal courts are courts of limited jurisdiction, federal jurisdiction is never presumed.  Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998).  On the contrary, what the court must presume is that federal jurisdiction is lacking until established otherwise.  See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  The burden is on the party asserting federal jurisdiction to demonstrate that such jurisdiction exists.  Aversa v. United

CIVIL 02-2761 (PG)                    5

States, 99 F.3d 1200, 1209 (1st Cir. 1996) (citing Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995)).  The complaint must be construed liberally, treating the well-pleaded as true and indulging all reasonable inferences in favor of the plaintiff.  Viqueira v. First Bank, 140 F.3d at 16 (citing Royal v. Leading Edge Prods., Inc., 833 F.2d 1, 1 (1st Cir. 1987)).

    B.  Failure to State a Claim

    Federal Rule of Civil Procedure 12(b)(6) allows a litigant to move for the dismissal of an action for "failure to state a claim upon which relief can be granted[.]"  Fed. R. Civ. P. 12(b)(6).  Dismissal under the rule is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957) (footnote omitted).  In ruling upon a Federal Rule of Civil Procedure 12(b)(6) motion, the court must accept as true all the well-pleaded factual allegations in the complaint and construe all reasonable inferences in favor of the plaintiff.  Perry v. New England Bus. Serv., Inc., 347 F.3d 343, 344 (1st Cir. 2003) (citing Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 16 (1st Cir. 1998)).  The complaint should only be dismissed if it appears that, under the facts alleged, the plaintiff cannot recover under any viable theory.  Campagna v. Mass. Dep't of Envtl. Prot., 334 F.3d 150, 154 (1st Cir. 2003) (citing Nethersole v. Bulger, 287 F.3d 15, 18 (1st Cir. 2002)).  Accordingly, to survive a 12(b)(6) motion, plaintiff must present "factual allegations, either

CIVIL 02-2761 (PG)                    6

direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." <u>Romero-Barceló v. Hernández-Agosto</u>, 75 F.3d 23, 28 n.2 (1st Cir. 1996) (quoting <u>Gooley v. Mobile Oil Corp.</u>, 851 F.2d 513, 515 (1st Cir. 1988)). Even though all inferences must be construed in favor of the plaintiff, the court need not give weight to "bald assertions, periphrastic circumlocutions, unsubstantiated conclusions, [and] outright vituperation...." <u>Berner v. Delahanty</u>, 129 F.3d 20, 25 (1st Cir. 1997) (quoting <u>Correa-Martínez v. Arrillaga-Beléndez</u>, 903 F.2d 49, 52 (1st Cir. 1990)).

C.  <u>Summary Judgment</u>

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  To succeed on a motion for summary judgment, the moving party must show that there is an absence of evidence to support the nonmoving party's position. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325 (1986).  Once the moving party has properly supported its motion, the burden shifts to the nonmoving party to set forth specific facts showing there is a genuine issue for trial and that a trier of fact could reasonably find in its favor. <u>Santiago-Ramos v. Centennial P.R. Wireless Corp.</u>, 217 F.3d 46, 52 (1st Cir. 2000).  The party opposing summary judgment must produce "specific facts, in suitable evidentiary form," to counter the evidence presented by the

CIVIL 02-2761 (PG)                    7

movant.  López-Carrasquillo v. Rubianes, 230 F.3d 409, 413 (1st Cir. 2000) (quoting

Morris v. Gov't Dev. Bank of P.R., 27 F.3d 746, 748 (1st Cir. 1994)).  A party cannot

discharge said burden by relying upon "conclusory allegations, improbable inferences, and

unsupportable speculation."  Id.; see also Carroll v. Xerox Corp., 294 F.3d 231, 236-37 (1st

Cir. 2002) (quoting J. Geils Band Employee Benefit Plan v. Smith Barney Shearson, Inc.,

76 F.3d 1245, 1251 (1st Cir. 1993)) ("'[N]either conclusory allegations [nor] improbable

inferences' are sufficient to defeat summary judgment.").

     The court must view the facts in light most hospitable to the nonmoving party,

drawing all reasonable inferences in that party's favor.  See Patterson v. Patterson, 306 F.3d

1156, 1157 (1st Cir. 2002).  A fact is considered material if it has the potential to affect the

outcome of the case under applicable law.  Nereida-González v. Tirado-Delgado, 990 F.2d

701, 703 (1st Cir. 1993).

## III.  DISCUSSION

### A.  Subject Matter Jurisdiction

     In their motion to dismiss and/or for summary judgment, the defendants argue that

the only remedies Stoll can seek are those provided by the ADEA, Title VII and the

Rehabilitation Act.  In other words, it is defendants' position that as a federal employee,

the exclusive judicial remedy for plaintiff's age and disability discrimination claims lies in

the federal statutes.  Therefore, according to the defendants, Stoll's state-law claims are

CIVIL 02-2761 (PG)                        8

preempted.  Additionally, the defendants contend that the ADEA, Title VII and the

Rehabilitation Act all require that claims be brought against the head of the department,

agency, or unit as appropriate.  Also, since there can be no personal supervisory liability for

such claims, the defendants maintain that the amended complaint must be dismissed

against all the individual co-defendants except the Secretary of Veterans Affairs.  Finally,

the defendants claim that the amended complaint should be dismissed inasmuch as

plaintiff has failed to exhaust administrative remedies.  Specifically, the defendants submit

that the Equal Employment Opportunity Commission (hereinafter "EEOC") has enacted

mandatory regulations that require, at least in what is relevant to this case, that an

aggrieved plaintiff contact an EEOC counselor within 45 days of the adverse employment

action.  As Stoll failed to do so, and as such requirement is a prerequisite to suit in federal

court, the defendants move for dismissal of her age and disability discrimination claims.

I will discuss each contention in turn.

>    *1.  State Law Claims*

Stoll responds to defendants' preemption argument claiming that 29 U.S.C. § 633(a)

provides:  "Nothing in this chapter shall affect the jurisdiction of any agency of any State

performing like functions with regard to discriminatory employment practices on account

of age except that upon commencement of action under this chapter such action shall

CIVIL 02-2761 (PG)                              9

supersede any State action."  This is the only argument advanced by Stoll regarding defendants' contention that her state-law claims are preempted.

First, none of the claims asserted by Stoll in her amended compliant are covered by Title VII.  Title VII prohibits discrimination against federal employees when it provides, with several exceptions not applicable here, that "[a]ll personnel action affecting [federal] employees … shall be made free from any discrimination based on race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-16(a).  The causes of action alleged by Stoll are those related to age and disability discrimination.  Therefore, Title VII is inapplicable.  Her claims are covered by the ADEA and the Rehabilitation Act.

As to age discrimination, however, I do agree that state-law claims arising out of the same conduct are preempted.  It has been held that the ADEA is the exclusive remedy for a federal employee seeking to redress age discrimination.  See, e.g., Purtill v. Harris, 658 F.2d 134, 137 (3d Cir. 1981); Paterson v. Weinberger, 644 F.2d 521, 524 (5th Cir. 1981); Baqir v. Principi, 288 F. Supp. 2d 706, 708-09 (W.D.N.C. 2003); Sharr v. Dep't of Transp., 247 F. Supp. 2d 1208, 1213 (D. Or. 2003).  Therefore, Stoll's state-law claims, namely Local Act Nos. 100 and 80, seeking redress for the alleged age discrimination and wrongful discharge are preempted by the ADEA and should be dismissed.

With respect to the disability discrimination claim, a similar conclusion must be reached.  Although this is not, as stated above, a Title VII case, the Rehabilitation Act of

CIVIL 02-2761 (PG)                    10

1973, 29 U.S.C. § 701 <u>et seq.</u>, which is the judicial avenue appropriate for a federal employee's disability discrimination allegation, <u>Calero-Cerezo v. United States Dep't of Justice</u>, 355 F.3d 6, 12 n.1 (1ˢᵗ Cir. 2004), is the exclusive remedy for Stoll's disability discrimination claim in light of <u>Brown v. Gen. Servs. Admin.</u>, 425 U.S. 820 (1976).  Thus, to the extent she asserts Puerto Rico law claims on the basis of disability discrimination, they are preempted.  <u>Snay v. United States Postal Serv.</u>, 31 F. Supp. 2d 92, 100 (N.D.N.Y. 1998) (holding that "[w]hile Title VII does not cover disability discrimination, such claims, brought under state law by federal employees, are preempted … by section 501 of the Rehabilitation Act"); <u>see also</u> <u>Rivera v. Heyman</u>, 157 F.3d 101, 105 (2d Cir. 1998).

In view of the above, I recommend that Stoll's supplemental state-law claims be dismissed inasmuch as they are preempted.  As to this issue, defendants' motion should be GRANTED.

*2. Individual Co-defendants*

As to this issue, Stoll tersely argues that her action for damages against the individual federal employees is not precluded.  Nevertheless, I find that Stoll's disability claim as well as her ADEA claim must be dismissed as to the individual co-defendants. Under Title VII, the head of the federal agency is the proper defendant.  42 U.S.C. §

CIVIL 02-2761 (PG)                      11

2000e-16(c)[1]; Soto v. United States Postal Serv., 905 F.2d 537, 539 (1st Cir. 1990).  Since the Rehabilitation Act incorporates remedies and procedures of Title VII and since the ADEA's provision applicable to federal employment is patterned after Title VII, it follows that claims under these two statutory schemes by a federal employee are appropriate only against the head of the federal agency or department.  See Meyer v. Runyon, 869 F. Supp. 70, 76 (D. Mass. 1994), and cases cited therein.  Here, the present action is appropriate only against the Secretary of Veterans Affairs.  Consequently, the claims asserted in the amended complaint must be dismissed against the remaining individual co-defendants.  It is accordingly my recommendation that as to this issue, defendants' motion to dismiss be also GRANTED.

   B. Administrative Exhaustion

   Next is defendants' contention that the Stoll's discrimination claims must be dismissed because of her failure to exhaust the administrative remedies that are a prerequisite for bringing suit in federal court.  The specific allegation by the defendants is that Stoll failed to contact an EEOC counselor within 45 days of her discharge as required by 29 C.F.R. § 1614.105(a)(1).  Stoll argues that she was only required to file a discrimination charge with the EEOC within either 180 or 300 days of the alleged unlawful

---

[1]This subsection specifically provides that "the head of the department, agency, or unit, as appropriate, shall be the defendant."  42 U.S.C. § 2000e-16(c).

CIVIL 02-2761 (PG)                    12

employment practice as required by Title VII and that she did in fact do so.  Additionally, she claims that the EEOC mailed its final decision on October 11, 2002 and that she filed the present action on December 3, 2002.

A federal employee wishing to sue the United States for employment discrimination must exhaust available administrative remedies.  See Bailey v. United States Postal Serv., 208 F.3d 652, 658 (8th Cir. 2000).   Specifically, an individual alleging employment discrimination must initiate contact with an EEOC counselor within 45 days of the alleged discriminatory action. 29 C.F.R. § 1614.105(a)(1); Velázquez-Rivera v. Danzig, 234 F.3d 790, 794 (1st Cir. 2000); Román-Martínez v. Runyon, 100 F.3d 213, 216-18 (1st Cir. 1996). This requirement is not jurisdictional, rather, it is treated as a statute of limitations. Johnson v. Runyon, 47 F.3d 911, 917 (7th Cir. 1995).  Therefore, it is subject to equitable defenses such as waiver, estoppel and tolling.  Horton v. Potter, 369 F.3d 906, 911 (6th Cir. 2004).  In fact, the regulation itself provides that the EEOC may extend the 45 day period to contact a counselor

> when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have been known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

CIVIL 02-2761 (PG)                    13

29 C.F.R. § 1614.105(a)(2); <u>Sizova v. Nat'l Inst. of Standards & Tech.</u>, 282 F.3d 1320, 1325 (10th Cir. 2002).

  The evidence in the record indicates that Stoll's discharge became effective on September 28, 2001.  (Statement Under the Penalty of Perjury of Helen Nunci, Docket No. 34, Ex. 1, ¶ 16.)  She had 45 days from that date to contact an EEOC counselor.  She failed to do so.  On the contrary, the evidence in the record shows that she contacted the EEOC counselor on March 11, 2002, almost six months after the alleged unlawful employment action.  (Statement Under the Penalty of Perjury of Linnell Baker, Docket No. 34, Ex. 1, ¶ 4.)  Stoll indicated to the EEOC counselor on her initial interview dated March 15, 2002, that she had not contacted an EEOC counselor within the mandated 45 days because her medical condition precluded her from doing so.  (<u>Id.</u> ¶ 5.)  Nevertheless, the evidence showed that on October 10, 2001, Stoll had filed an appeal before the Merit Systems Protection Board (hereinafter "MSPB").  That is 12 days after her termination.  (<u>Id.</u> ¶ 6.)  Consequently, on May 13, 2002, the VA's Office of Resolution Management dismissed Stoll's subsequently filed EEOC complaint under 29 C.F.R. § 1614.107(a)(4) among other things because of her failure to contact an EEOC counselor within 45 days.  (<u>Id.</u> ¶ 10.)  Said final agency decision established that while Stoll claimed that her medical condition precluded her from timely initiating contact with a counselor, such condition did not preclude her from filing the MSPB appeal on October 10, 2004.  (<u>Id.</u>)

CIVIL 02-2761 (PG)                    14

Stoll presents no evidence to controvert the above.  She has also failed to put the court in a position to determine whether the 45 day period could have been equitable tolled.  The court is presented only with the position that while she attempted to justify not contacting an EEOC counselor within 45 days because of her medical condition, she was able to file the MSPB appeal during that time.  Therefore, I find that Stoll's age and disability discrimination claims must be dismissed for her failure to exhaust administrative remedies.  Consequently, as to this issue, it is also my recommendation that defendants' motion to dismiss and/or for summary judgment be GRANTED and that the case be dismissed in its entirety.[2]

---

[2]The requirements set forth in 29 C.F.R. § 1614.105(a)(1) are also applicable to claims of age discrimination.  See 29 C.F.R. § 1614.105(a) ("Aggrieved persons who believe they have been discriminated against on the basis of … *age* or handicap must consult a Counselor prior to filing a complaint in order to try to informally resolve the matter.").  In addition, under the ADEA, a federal employee is also required to satisfy certain administrative remedies.  Recently, in Rossiter v. Potter, 357 F.3d 26 (1st Cir. 2004), the First Circuit explained that:

> The legislative scheme for ADEA claims brought by federal employees is materially different. Congress provided dual means of enforcement for federal workers and left the choice between them to the claimant. On the one hand, a federal employee may invoke the EEOC's administrative process and thereafter file suit if he or she is dissatisfied with the administrative outcome. On the other hand, a federal employee may bypass the administrative process altogether and file a civil action directly in the federal district court.   In that event, the only preconditions are (i) that "no civil action may be commenced by any individual under this section until the individual has given

CIVIL 02-2761 (PG)                    15

C. <u>On the Merits</u>

Given my findings above, I find it unnecessary to address whether Stoll has presented sufficient evidence for a *prima facie* case of age and disability discrimination in order to defeat summary disposition. I only add that it is questionable at best that she would be able to survive dismissal on the merits of her claims. The reason is her failure to adequately oppose defendants' motion for summary judgment.

Local Rule 56(b) requires a motion for summary judgment to be accompanied by a separate, short and concise statement of material facts that supports the moving party's claim that there are no genuine issues of material fact in dispute. These facts are then deemed admitted until the nonmoving party provides a similarly separate, short and concise statement of material fact establishing that there is a genuine issue in dispute. <u>See</u> Local Rule 56(e) (2004); <u>Morales v. A.C. Orssleff's EFTF</u>, 246 F.3d 32, 33 (1st Cir. 2001); <u>Ruiz Rivera v. Riley</u>, 209 F.3d 24, 26 (1st Cir. 2000); <u>Domínguez v. Eli Lilly & Co.</u>, 958 F. Supp. 721, 727 (D.P.R. 1997).

_____

the [EEOC] not less than thirty days' notice of an intent to file such action," and (ii) that "[s]uch notice shall be filed within one hundred and eighty days after the alleged unlawful practice occurred."

<u>Rossiter v. Potter</u>, 357 F.3d at 29 (citations, internal quotations and alterations omitted). There is no evidence in the record that Stoll satisfied any of these preconditions.

CIVIL 02-2761 (PG)                           16

Stoll submitted a four-page memorandum of law and several exhibits containing medical records and certifications and laboratory results.  (See Docket No. 46.)  There is no statement submitted by her with appropriate references to evidence in the record to establish that there is a genuine issue in dispute regarding her discrimination claims.  The First Circuit has admonished repeatedly that litigants ignore Local Rule 56 at their peril, Cosme-Rosado v. Serrano-Rodríguez, 360 F.3d 42, 45 (1st Cir. 2004).  Furthermore, although the failure of a party to comply with said rule is not, without more, a ground for the entry of summary judgment, "it launches the nonmovant's case down the road toward an early dismissal."  Colón-Rodríguez v. López-Bonilla, 344 F. Supp. 2d 333, 337 (D.P.R. 2004) (quoting Távarez v. Champion Prods., Inc., 903 F. Supp. 268, 270 (D.P.R. 1995)).  That said, it is my recommendation that defendants' motion to dismiss and/or for summary judgment be GRANTED and that Stoll's amended complaint be dismissed in its entirety.

IV.  CONCLUSION

In view of the above, I recommend that defendants' motion to dismiss and/or for summary judgment (Docket No. 33) be GRANTED and that the amended complaint (Docket No. 9) be dismissed in its entirety.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within ten (10) days of the party's receipt of this report and

CIVIL 02-2761 (PG)                           17

recommendation.  The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985), <u>reh'g denied</u>, 474 U.S. 1111 (1986); <u>Davet v. Maccorone</u>, 973 F.2d 22, 30-31 (1st Cir. 1992); <u>Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.</u>, 840 F.2d 985 (1st Cir. 1988); <u>Borden v. Sec'y of Health & Human Servs.</u>, 836 F.2d 4, 6 (1st Cir. 1987); <u>Scott v. Schweiker</u>, 702 F.2d 13, 14 (1st Cir. 1983); <u>United States v. Vega</u>, 678 F.2d 376, 378-79 (1st Cir. 1982); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603 (1st Cir. 1980).

At San Juan, Puerto Rico, this 1st day of February, 2005.


S/ JUSTO ARENAS
Chief United States Magistrate Judge